[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10309
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00124-SPC-CM


JOHN SHORT,

Plaintiff-Appellant,

versus

IMMOKALEE WATER & SEWAGE DISTRICT,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 15, 2020)

Before GRANT, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

John Short appeals the district court's dismissal of his second amended complaint in favor of his former employer, Immokalee Water & Sewage District ("Immokalee"), on his retaliation claims under Title VII, as well as the denial of his motions for reconsideration and for leave to file a third amended complaint. We affirm.

## I. BACKGROUND

In 2018, Short, an African American male, filed the present suit against Immokalee, alleging retaliation by termination for having pursued and settled a race discrimination lawsuit against Immokalee in July 2016. Short alleged that he was terminated in April 2017 for allegedly failing to collect and send groundwater sample reports to the Florida Department of Environmental Protection ("FDEP"). He stated that he had worked at Immokalee for 24 years and that his immediate supervisor, Eva Deyo, was a white female.

Short explained that a contracted lab conducted quarterly tests of ground water and sent the samples to him. He was required to forward the test results to FDEP. Short alleged that in 2014, a FDEP representative met with him and Deyo and explained that a paper report would no longer be required due to a change in reporting procedures and that the reports would be sent electronically by the lab directly to FDEP with a copy sent to Short. He stated that, based on this change, he believed that he no longer needed to send paper reports to FDEP.

Consequently, Short alleged, he did not send any quarterly reports from 2014 to 2017 and no one from FDEP requested any reports during that time period.

He stated that he nonetheless was terminated in April 2017 for failing to send those reports. Short alleged that he ceased sending the reports at Deyo's direction. Short alleged that Immokalee knew or should have known that Short was not responsible for the missing groundwater reports and that it terminated him in retaliation for pursuing his prior lawsuit against Immokalee, which constituted protected activity. He contended that there was a causal connection between his protected activity and his termination, despite the nine-month lapse in time, based on a totality of the circumstances. Short clarified that Immokalee's retaliation was based on racial discrimination. He attached to his complaint a copy of his notice of right to sue letter from the Equal Employment Opportunity Commission ("EEOC").

Immokalee responded by filing a motion to dismiss. Before the district court ruled on the motion, Short filed an amended complaint. Short added that because Immokalee was not racially diverse and had a custom, usage, and practice of discrimination against African Americans, his complaint was also being brought under 42 U.S.C. §§ 1981, 1983. He noted "disparate treatment on the basis of race and retaliation." Short also explained that at all relevant times, his work performance met all the required standards and that he never received any

3

warnings or discipline regarding the groundwater reports, which made Immokalee's stated reason for terminating him a pretext for discrimination. He also attached a copy of the EEOC charge of discrimination form and a copy of his termination letter from Immokalee. In his EEOC charge, Short alleged that he was bringing his claims under Title VII based on retaliation and race. The only distinct act of retaliation alleged was Short's termination. Short alleged that the retaliation was based on his engaging in his protected activity of settling his prior Title VII lawsuit in July 2016.

Based on Short's filing of an amended complaint, the district court denied Immokalee's motion to dismiss as moot. Immokalee then filed a motion to dismiss Short's amended complaint. The district court granted Immokalee's motion to dismiss Short's amended complaint; however, the court granted Short another opportunity to amend.

Short filed a second amended complaint, adding that Immokalee subjected him to "a series of retaliatory and harassing incidents (i.e., *retaliatory harassment*)." He stated that, between 2014 and 2017, his work performance was never criticized, and he had no reason to expect that he was required to send quarterly ground water reports. Short alleged that any change in the reporting policy since he met with Deyo and an FDEP representative in 2014 may or may not have been clearly communicated to him.

4

Immokalee again responded with a motion to dismiss. The district court granted the motion to dismiss Short's second amended complaint in part but held Short's retaliatory harassment claim in abeyance to the extent that it was brought under 42 U.S.C. § 1981 because the parties had addressed the claim only under Title VII. The court explained that Short's arguments that he had not changed his legal theory contradicted his prior statement that he was changing his legal theory from retaliation to retaliatory harassment. The court also noted that Short's EEOC charge only mentioned his termination and a meeting with supervisors during which he was told not to submit any further groundwater reports; he did not reference any incidents of retaliatory harassment. Thus, the court concluded that Short had not administratively exhausted his remedies as to his claim of retaliatory harassment. As to Immokalee's timeliness argument, the court concluded that more than 300 days had passed since the latest of the incidents of harassment that Short alleged in his second amended complaint, making the claim time-barred under Title VII. Lastly, the court found that aside from the new allegations, Short's second amended complaint was not materially different from the claim in his first amended complaint; his complaint thus failed to state a claim. However, the court explained that since Short's retaliatory harassment claim could be brought under § 1981, it was holding that claim in abeyance; it ordered Immokalee to respond to the claim under § 1981.

5

Short filed a motion responding to the district court's order granting Immokalee's motion to dismiss. Short argued that the district court "ha[d] improperly raised the pleading and proof standards so high that no reasonably objective plaintiff's counsel can properly draft and file a pleading under Title VII without the ability to engage in some discovery in order to add additional facts in support of the claims being asserted."

After Immokalee responded as ordered, the district court granted Immokalee's motion to dismiss Short's claims under § 1981 and § 1983. The court noted that it had not raised the pleading standards but found that Short no longer wished to pursue any claims under § 1981 or § 1983. The court further found that, abandonment aside, Short failed to state a § 1983 claim against Immokalee because he did not allege that any retaliatory harassment he suffered resulted from an official policy or custom of Immokalee. The court explained that Short's claim therefore failed because he had not alleged an essential element of his retaliatory harassment claim.

Short filed a motion for reconsideration and leave to file a third amended complaint, and the district court denied it. It explained that, no matter how Short labeled his claim, the factual allegations in the second amended complaint differed from those alleged in the EEOC charge. The court concluded that the claim was thus unexhausted and time barred. The court explained that Short's continued use

6

of the term "totality of the circumstances" did not override the factual allegations that he pled and that he had not presented a compelling argument for the court to reconsider its prior order. Additionally, the court concluded that a third amended complaint would have been futile because Short was represented by counsel, he had had several opportunities to plead his claim against Immokalee, and the court's allowing a third amendment would prejudice Immokalee.

On appeal, Short first argues that the district court erred by dismissing his second amended complaint for failure to a state claim because he never changed his theory of recovery and, accordingly, his claims were neither unexhausted nor time barred. Second, Short argues that the district court abused its discretion by denying leave to file a third amended complaint.[1]

## II. DISCUSSION

### A. Motion to Dismiss

We review *de novo* a district court's ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011). In considering a Rule 12(b)(6) motion, we construe the pleading in the non-

---

[1] Short has abandoned any challenge to the district court's denial of his motion for reconsideration by failing to raise any argument as to that issue in his initial brief. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-81 (11th Cir. 2014) (recognizing that a litigant abandons a legal claim or argument when he fails to plainly and prominently raise it in his initial brief).

movant's favor and accepts the allegations of facts therein as true. *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

In employment cases, plaintiffs must exhaust administrative remedies before filing suit. *E.E.O.C. v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002). "[A] 'plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000)). However, "the scope of an EEOC complaint should not be strictly interpreted." *Id.* (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)). Nonetheless, "judicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)). Additionally, in Florida, a plaintiff has 300 days from the last discriminatory act to file an EEOC charge of discrimination if the charging party institutes proceedings with a state agency with authority to grant or seek relief from unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1); *see also E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S. Ct. 1666, 1669 (1988).

The district court properly dismissed Short's second amended complaint under Rule 12(b)(6).[2]  Short's EEOC charge alleged only his termination as a retaliatory act.  However, his second amended complaint alleged—for the first time—seven incidents of alleged harassment by his supervisor.  Because the scope of Short's complaint was limited by what could reasonably be expected to grow out of the EEOC investigation, *see Gregory*, 355 F.3d at 1280, the district court properly concluded that the seven new incidents, all of which occurred prior to his termination, could not have been expected to grow from a charge alleging retaliatory termination.  While Short argues that these new incidents were encompassed in the "totality of the circumstances" alleged in his EEOC charge, that argument is refuted by our precedent holding "allegations of new acts of discrimination are inappropriate."  *Id.* at 1279-80.

The crux of the defect in Short's second amended complaint was not the change in the theory relied upon, but instead, the change of the factual allegations made in support of his claim.  Accordingly, because Short had not alleged the new incidents of retaliation in his EEOC charge, claims as to those incidents were

---

[2] While Immokalee argues that Short's failure to designate the final judgment in his notice of appeal precludes our review of the district court's dismissal of Short's second amended complaint, we do not narrowly read notices of appeal where the alleged defect does not mislead or prejudice the appellee, as is the case here. *See Nichols v. Ala. State Bar*, 815 F.3d 726, 730 (11th Cir. 2016).  Immokalee has not argued that it was prejudiced or misled by the alleged lack of notice; regardless, we can look to the parties' briefs to determine what orders a party intended to appeal. *See id.* at 731.  Because Short challenged the order dismissing his second amended complaint in his initial brief, we can review that argument. *See id.*

9

unexhausted, as the district court appropriately concluded. *See Joe's Stone Crabs*, 296 F.3d at 1271. Additionally, because the last of the new retaliatory acts alleged was Short's termination, which took place in April 2017, any claims Short wished to raise based on retaliatory acts occurring prior to his termination are time barred because he failed to file an EEOC charge within 300 days of the last act. *See* 42 U.S.C. § 2000e-5(3)(1); *see also Commercial Office Prods. Co.*, 486 U.S. at 110, 108 S. Ct. at 1669. Thus, a Rule 12(b)(6) dismissal was appropriate because, even construing the complaint in Short's favor and accepting the facts as true, Short could not state a viable claim as to the newly alleged incidents of retaliation. *See Duke*, 5 F.3d at 1402.

To the extent Short argues that the district court erred by holding his claim in abeyance to allow the parties to address it under § 1981 and § 1983, Short's argument is without merit. The district court judiciously allowed Short an opportunity to argue his claims under those statutes, out of an abundance of caution, to make sure that Short would not suffer any unfair prejudice from its ultimate dismissal of his claim.

**B. Leave to Amend**

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011). A party may amend a pleading "once as a matter of

10

course" within 21 days after serving it or within 21 days after service of a required responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A party moving to amend his complaint must either "attach a copy of the proposed amendment to the motion or set forth the substance thereof," in order to show how the "'complaint could be amended to save the meritless claim.'" *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1362 (11th Cir. 2006) (quoting *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999)).

District courts should freely give leave to amend as justice requires. *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id.* (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Nonetheless, district courts may properly deny leave to amend when "a more carefully drafted complaint could not state a claim." *Id.* (quoting *Bank*, 928 F.2d at 1112). We have held that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

11

The district court did not abuse its discretion by denying Short's motion for leave to file a third amended complaint.  As explained above, any claim Short wished to raise relying on the new acts of retaliation that he alleged in his second amended complaint was both unexhausted and time barred.  Nonetheless, Short's proposed third amended complaint relied on those same acts of retaliation; therefore, the third amended complaint would not have cured the deficiencies the district court found in the second amended complaint.  *See Atkins*, 470 F.3d at 1362.  Because those deficiencies were incurable, any further amendment would have also failed to state a claim.  *See Woldeab*, 885 F.3d at 1291; *Hall*, 367 F.3d at 1262-63.

To the extent Short wished to amend his complaint to plead factual allegations in line with those presented in his EEOC charge, the district court did not make a clear error of judgment by declining to allow Short to do so.  *See Weatherly*, 728 F.3d at 1270.  The district court was required to give Short a chance to amend his complaint to state a viable claim for relief, it gave him two chances to do so, and the proposed third amended complaint did not cure the deficiencies of the second amended complaint.  *See Woldeab*, 885 F.3d at 1291.  Accordingly, the district court did not abuse its discretion.

**AFFIRMED.**

12