[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13961

Non-Argument Calendar

_____

DYTRELL JONES,

Plaintiff-Appellant,

*versus*

FLORIDA DEPARTMENT OF
CORRECTIONS,
J. M. CARTER,
Major,
WARDEN,
ASSISTANT WARDEN,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00179-MMH-JBT

————————————

Before BRANCH, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Dytrell Jones, a Florida prisoner, through *pro bono* counsel, appeals from the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint for failure to state a claim. He argues, among other grounds, that the district court erred in dismissing the complaint without first providing him an opportunity to amend. We agree, and, therefore, we vacate and remand.[1]

In November 2020, Jones filed a *pro se* § 1983 complaint in the Northern District of Florida, asserting that the allegedly unsanitary and inhumane prison conditions he experienced while housed at the Hamilton Correctional Institution Annex violated his Eighth and Fourteenth Amendment rights, and that prison officials were deliberately indifferent to the sanitation issues which posed a serious risk to his health and safety. Briefly, Jones alleged that, in

---

[1] Because we conclude that Jones should have been afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim, we do not reach the other arguments that Jones raises on appeal.

one of the cells he was housed in, the toilet was "continuously clog[ged]" which limited his "opportunities to urinate and/or def[e]cate"; the sink had a "foul sicken[ing] smell and throughout the day insects crawl[ed] out of the drainage"; the faucet on the sick, which was his source of drinking water outside of meal times, was covered in mold; and that in the second cell he was moved to, mold and mildew covered the walls, floors, and cell vent, and that he was forced to use soap, toothpaste, his bed linens, and his uniform to block open areas in the cell walls and the door to prevent insects and rodents from entering. As a result of the cell conditions, he contracted a skin infection that caused him "excruciating pain," for which he had to submit a "sick call" and was provided calamine lotion and a therapeutic gel shampoo. Jones maintained that despite attempting to address the sanitation issues with prison staff numerous times, nothing was being done. Instead, they would discipline him, including "assaulting" him with "chemical agents." Jones sought declaratory and injunctive relief, as well as compensatory, punitive, nominal damages, costs of litigation, and medical expenses.

The Northern District of Florida transferred the case to the Middle District of Florida, where the Hamilton facility is located. The defendants, who were sued in their official and individual capacities, filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Following Jones's *pro se* response, the district court granted the motion and dismissed the

4                    Opinion of the Court                    21-13961

complaint with prejudice.[2]  Jones obtained *pro bono* counsel and appealed.

We review *de novo* a district court's ruling on a motion to dismiss, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted).  Generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice. *See Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018); *see also Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (same), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 543 & n.1 (11th Cir. 2002) (en banc).  This rule applies even when the plaintiff does not seek leave to amend the complaint in the district court. *Bank*, 92 F.2d at 1112. A district court need not grant leave to amend however, if the plaintiff clearly indicates that he does not want to amend or if amendment would be futile because a more carefully crafted

___

[2] Jones's request for the appointment of counsel in the district court was denied.

complaint would still not be able to state a claim. *See Woldeab*, 885 F.3d at 1291.

Here, Jones, a *pro se* prisoner, never indicated that he did not want to amend his complaint. And, although the district court did not analyze whether amendment would be futile, we conclude that the deficiencies in Jones's complaint might be curable if given the opportunity to replead the allegations. For instance, one of the reasons the district court dismissed Jones's complaint is because it concluded that the allegedly unsanitary conditions did not give rise to an Eighth Amendment violation because he was being provided cleaning supplies. However, the district court also noted that Jones asserted in his response to the motion to dismiss that he was not receiving cleaning supplies, but the court held that Jones could not amend his complaint via allegations in the response. And as Jones's *pro bono* counsel on appeal argues, it is possible that Jones's allegations could serve as the basis for an Eighth Amendment excessive force claim and a First Amendment retaliation claim. Thus, we cannot say that it is impossible for Jones to state a plausible claim for relief if he is afforded an opportunity to amend. Accordingly, we conclude that the district court abused its discretion in dismissing Jones's *pro se* complaint with prejudice without first providing him an opportunity to amend. *See Woldeab*, 885 F.3d at 1291–92. Therefore, we vacate and remand with instructions to give Jones the opportunity to file an amended complaint.

**VACATED AND REMANDED.**