[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16018
_____

D.C. Docket No. 1:16-cv-01030-CAP


DAMENE W. WOLDEAB,

Plaintiff - Appellant,

versus

DEKALB COUNTY BOARD OF EDUCATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 21, 2018)

Before WILSON and BLACK, Circuit Judges, and SCHLESINGER,* Judge.

WILSON, Circuit Judge:

---

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

Damene Woldeab, an Ethiopian male, appeals the district court's grant of the DeKalb County Board of Education's (Board) motion to dismiss his action alleging national origin discrimination, retaliation, and harassment in violation of Title VII. In his counseled appellate brief, Woldeab argues that the district court erred by dismissing his pro se complaint with prejudice. He contends that his failure to name the DeKalb County School District (School District) as the defendant rather than the Board was a curable defect,[1] and that the district court should have given him an opportunity to amend his complaint to name the proper defendant. The Board responds that the district court was not required to give Woldeab an opportunity to amend his complaint sua sponte because Woldeab disagreed that the complaint should be amended, and it further argues that any amendment would be futile. After review, and with the benefit of oral argument, we vacate the dismissal and remand with instructions to give Woldeab an opportunity to file an amended complaint.

## I.

A magistrate judge recommended the Board's motion to dismiss be granted because the Board is not a legal entity capable of being sued. *See Cook v. Colquitt Cty. Bd. of Educ.,* 412 S.E.2d 828, 828 (Ga. 1992). Alternatively, the report and recommendation (R&R) stated that even if Woldeab substituted a defendant with

---

[1] In his counseled brief, Woldeab does not argue that the Board is a proper defendant.

the capacity to be sued, the magistrate judge would still recommend his complaint be dismissed for failure to state a claim.  Woldeab, proceeding pro se, objected on the basis that he believed the Board should be held accountable for its actions.  He also objected to, *inter alia,* the R&R's recommendation his complaint be dismissed for failure to state a claim.

The district court agreed with the magistrate judge's determination that a county board of education in Georgia cannot be sued, and therefore the Board could not be sued.  While the district court stated it "adopts the report and recommendation as the opinion and order of this court," it went on to clarify which of the grounds considered by the magistrate judge it was endorsing, stating "[b]ecause the magistrate judge properly ruled that the DeKalb County Board of Education is not an entity capable of being sued, the court will not address the plaintiffs remaining objections.  The remaining objections are DISMISSED as MOOT."  Woldeab appealed, pro se, to this Court.  Counsel was appointed when this case was set for oral argument and counsel filed a replacement brief.

## II.

We review a district court's decision to deny leave to amend for abuse of discretion.  *Santiago v. Wood,* 904 F.2d 673, 675 (11th Cir. 1990).  A district court's discretion to deny leave to amend a complaint is "severely restricted" by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend

3

"when justice so requires." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988). "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991 ), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 & n.l (11th Cir. 2002) (en banc) (overruling *Bank* as to counseled plaintiffs, but deciding "nothing about a party proceeding pro se"). This rule applies even when the plaintiff does not seek leave to amend the complaint until after final judgment. *Id.* But a district court need not grant leave to amend when either (1) "the district court has a clear indication that the plaintiff does not want to amend his complaint," or (2) "a more carefully drafted complaint could not state a claim." *Id.*

Here, the district court abused its discretion in dismissing Woldeab's case with prejudice because he never "clearly indicated" he did not want to amend, and because a more carefully crafted complaint might be able to state a claim. The Board argues Woldeab indicated his unwillingness to amend his complaint by failing to respond to the motion to dismiss and by failing to amend after the R&R. However, Woldeab was not required to accept the Board's argument in its motion to dismiss as true. *See Santiago,* 904 F.2d at 676 (stating that a plaintiff is not required to consider an opponent's arguments as properly stating the law). And

4

although the R&R found that the Board could not be sued, Woldeab's objection to the R&R demonstrates his confusion as a pro se plaintiff "unschooled in the intricacies of Title VII pleading." *Id.* at 675. Woldeab construed the R&R as saying no one is accountable for the actions alleged, as he argued: "Does it mean [the] Local Board of Education is not accountable for the action the board makes which is recommending hiring, firing and intimidating teachers? *Who is accountable . . .?* I contest the Board of Education should be accountable." This is not a refusal to amend.

Further, the deficiencies in Woldeab's complaint might be curable. Neither the magistrate judge nor the district court held that repleading the factual allegations behind the June 2014 Title VII claims would be futile. While the magistrate judge did find that amending to include the proper defendant would not save the complaint, this says nothing of whether Woldeab might be able to make out a plausible claim if given the opportunity to replead the factual allegations. And we have held that where "[m]ore specific allegations . . . would have remedied the pleading problems found by the district court," the court was required to give a pro se plaintiff the opportunity to amend his complaint. *Thomas*, 847 F.2d at 773. Because a more carefully drafted complaint, which includes more specific

allegations against the correct defendant, *might* state a Title VII claim, Woldeab's complaint does not fit into the futility exception to *Bank*.[2]

The district court should have advised Woldeab, proceeding pro se, of his complaint's deficiency and given him the opportunity to amend to name the proper defendant before the court dismissed with prejudice. Accordingly, we VACATE the dismissal of Woldeab's complaint and REMAND with instructions to give Woldeab an opportunity to file an amended complaint.

**VACATED and REMANDED**.

---

[2] We note Woldeab concedes any allegations based on adverse employment actions that may have occurred prior to January 1, 2014, and were not timely filed in the district court. [Gray Brief at 12]. However, because a discrimination claim based on his June 25, 2014 termination has been properly exhausted, administrative exhaustion cannot provide the basis for futility regarding that claim.