[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12566
Non-Argument Calendar
_____

D.C. Docket No. 1:20-cv-01980-SDG

EDGINA T. HENDRIX SMITH,

Plaintiff-Appellant,

versus

JP MORGAN CHASE,
BANK OF AMERICA, N.A.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 24, 2021)

Before JORDAN, GRANT, and BLACK , Circuit Judges.

PER CURIAM:

Edgina Smith, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of her complaint for failure to state a claim. She asserts (1) the district court judge was biased, unfair, and violated her constitutional rights and (2) that her claims were meritorious. After review,[1] we affirm the district court.

As to bias, Smith merely argues the district judge "appear[ed] to be bias[ed] and unfair" based on the fact that he dismissed another one of her cases. In addition to raising this issue for the first time on appeal, she has failed to adequately argue the district judge was biased because her assertion that she does "not trust [his] credibility and character" is conclusory and lacks supporting arguments or authority. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (stating a party fails to adequately brief an issue when she raises it in a perfunctory manner, without supporting arguments and authority); *Finnegan v. Comm'r of Internal Revenue*, 926 F.3d 1261, 1271 (11th Cir. 2019) (stating this Court generally will not consider an issue raised for the first time on appeal). Even assuming the issue is not waived, Smith has pointed to no

---

[1] We review *de novo* a district court's dismissal of an *in forma pauperis* (IFP) complaint for failure to state a claim under section 1915. *Bilal v. Driver*, 251 F.3d 1346, 1348-49 (11th Cir. 2001). Section 1915(e) provides, *inter alia*, that any IFP action or appeal shall be dismissed at any time if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). However, we will hold a *pro se* pleading to a less stringent standard than a counseled pleading. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). We review *de novo* a denial of leave to amend based on futility because futility is a legal conclusion. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1093-94 (11th Cir. 2017). We also review *de novo* the issue of whether a statute impliedly creates a private right of action. *Love v. Delta Air Lines*, 310 F.3d 1347, 1351 (11th Cir. 2002).

supporting evidence that the district judge harbored bias against her or had a conflict of interest, and the record shows none. *See* 28 U.S.C. § 455(a) (providing a district judge must recuse himself whenever his impartiality in a proceeding might reasonably be questioned). The district court judge merely ruled against her.

As to the merit of Smith's claims, the district court did not err in concluding Smith failed to allege sufficient facts to state a claim for relief. First, the district court did not err in dismissing Smith's complaint for failure to state a claim because the Federal Trade Commission Act (FTCA) and criminal statutes do not create private causes of action. A private right of action does not exist under the FTCA, meaning Smith's allegation that the bank defendants violated the FTCA is futile because she can bring no action under the FTCA. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1174 n.5 (11th Cir. 1985) (recognizing that a private right of action does not exist under the FTCA); *accord Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 361 n.6 (5th Cir. 1977). Further, this Court has concluded that criminal statutes do not provide for private civil causes of action, so it follows that Smith's Title 18 allegations are also without merit because those criminal statutes do not provide for private causes of action. *See Love v. Delta Air Lines*, 310 F.3d 1347, 1352-53 (11th Cir. 2002) (explaining that criminal statutes do not provide for private civil causes of action).

Additionally, the district court did not err in denying Smith leave to amend her complaint and concluding that any amendment would have been futile because she could not have alleged different facts to state a claim under these statutes that do not provide private rights of action. *See Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (stating while a district court should grant a plaintiff an opportunity to amend her complaint rather than dismiss it when a more carefully drafted complaint may state a claim upon which relief could be granted, a court need not grant leave to amend if a more carefully drafted complaint could not state a claim).

**AFFIRMED.**