[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10747

Non-Argument Calendar

_____

RAYVON L. BOATMAN,
a.k.a. Lavon Lee Boatman,

Plaintiff-Appellant,

*versus*

DONALD SAWYER,
Administrative Director (FCCC),
MELINDA MASTERS,
Assistant to Clinical Director (FCCC),
EMILY SALEMA,
Director of Mental Health (FCCC),
ELIZABETH PORFET,
Clinical Team Leader,
KERI FITZPATRICK,

Employee/Library Staff/Recreation Therapist, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:21-cv-00061-SPC-MRM

————————————

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Rayvon Boatman, a civil detainee at the Florida Civil Commitment Center, filed a *pro se* 42 U.S.C. § 1983 complaint against several FCCC employees. The district court dismissed his complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) because it did not comply with Federal Rule of Civil Procedure 8 and failed to state a claim upon which relief could be granted. Because the district court did not first grant Boatman leave to amend his complaint, we vacate and remand.

**I.**

Boatman filed a Section 1983 complaint against various employees of the FCCC. Much of the complaint was unintelligible or incomplete, but it raised some allegations against the defendants.

One such allegation was that the defendants retaliated against him after he filed grievances. Specifically, he alleges that one of them said he would need to repeat certain phases of his treatment, potentially adding three to four years onto his term of commitment. He also alleged that the defendants began intercepting his outgoing legal mail when they learned about his lawsuit.

Boatman filed a motion to proceed *in forma pauperis*, which triggered the district court's screening obligation under 28 U.S.C. § 1915(e)(2)(B) to determine whether the suit was frivolous, malicious, or failed to state a claim. The district court dismissed Boatman's complaint with prejudice. *See* Fed. R. Civ. P. 41(b). It reasoned that his "confusing, general, and conclusory allegations" did not comply with Rule 8 and failed to state a claim upon which relief could be granted.

Boatman now appeals, arguing that the district court "departed from the normal process" for *pro se* suits and that dismissal was "premature" because the court did not understand his claims.

## II.

We review a district court's dismissal under Section 1915(e)(2)(B)(ii) *de novo*, taking as true all the allegations in the complaint. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). Such dismissals are governed by the same standards applying to Rule 12(b)(6). *Id.* Where more specific allegations would remedy the problems in a *pro se* plaintiff's complaint, the district court must grant leave to amend it before dismissing with prejudice.

*Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1292 (11th Cir. 2018). This obligation remains unless the plaintiff "clearly indicate[s]" he does not wish to amend the complaint. *Id.* at 1291. *Pro se* pleadings are held to a less strict standard than counseled pleadings and are liberally construed. *Alba*, 517 F.3d at 1252.

To state a claim under Section 1983, a plaintiff must establish that the defendant (1) deprived him of a right secured by the Constitution or laws of the United States, and (2) was a person acting under color of state law. *See Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276–77 (11th Cir. 2003). Boatman satisfied the second requirement by alleging that all defendants were state officials. *See id.* And with more specific allegations, Boatman could plausibly assert at least three violations of his rights. We briefly explain each in turn.

## A.

First, Boatman could state a claim for violation of his Fourteenth Amendment right to due process. Involuntarily committed persons have a liberty interest in "minimally adequate or reasonable training to further the ends of . . . freedom from restraint." *Dolihite v. Maughon By & Through Videon*, 74 F.3d 1027, 1041 (11th Cir. 1996); *see also D.W. v. Rogers*, 113 F.3d 1214, 1218 (11th Cir. 1997) (noting that, if treatment is the purpose of commitment, the state violates due process by failing to provide it). That said, professionals at civil commitment centers are only liable for decisions representing "a substantial departure from accepted professional

judgment, practice, or standards." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 912 (11th Cir. 2020) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982)).

Here, Boatman has a liberty interest in his treatment because it is a necessary precondition of his release. *See Dolihite*, 74 F.3d at 1041; Fla. Stat. § 394.917(2). Boatman broadly asserts that, after he filed grievances, FCCC employees punished him by impeding his clinical treatment. If the defendants did so for retaliatory motives, their actions would not be a valid exercise of professional judgment. *See Bilal*, 981 F.3d at 912. So if Boatman were to allege specific facts to this effect—going beyond conclusory assertions—he could state a plausible Section 1983 claim for violation of his due process rights.

### B.

Asserting similar facts, Boatman could state a claim for First Amendment retaliation. To do so, he must allege that (1) his speech was constitutionally protected; (2) he suffered adverse action that would deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008).

Here, Boatman filed grievances concerning the conditions in the FCCC, which was constitutionally protected speech. *Id.*; *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003). And he alleges that the defendants retaliated by delaying his clinical treatment.

Such action could extend the period of his involuntary commitment, *see* Fla. Stat. § 394.917(2), so it might deter a person of ordinary firmness from filing additional grievances. If he states specific facts showing that this delay was a response to his filing of grievances, he could state a plausible Section 1983 claim for First Amendment retaliation.

### C.

Finally, Boatman could state a claim for violation of his right to court access. State officials may not "deny or obstruct" a detainee's access to the courts. *See Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986) (citing *Johnson v. Avery,* 393 U.S. 483 (1969)). Here, Boatman alleges that the defendants intercepted his outgoing legal mail after learning of his lawsuit. If Boatman more clearly states this allegation or that the defendants delayed his treatment in response to his filing of grievances, he could state a plausible Section 1983 claim that his right to court access was violated.

### III.

The district court erred by dismissing Boatman's *pro se* complaint with prejudice without first allowing Boatman to amend it. A more carefully drafted complaint might state Section 1983 claims upon which relief could be granted. Accordingly, we vacate and remand to allow Boatman an opportunity to amend his complaint.

**VACATED AND REMANDED.**