[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12308

Non-Argument Calendar

_____

RELONZO PHILLIPS,

Plaintiff-Appellant.

*versus*

DEKALB COUNTY DETENTION OFFICER,
DEKALB COUNTY DEPUTY SHERIFF,
OLARINDE,
GWENDOLYN JOHNSON,
V. LOGAN, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01231-WMR

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

A pro se pretrial detainee argues that jail officials wrongfully denied him access to the courts. Though his original complaint was deficient, if he had been allowed one chance to amend his complaint, he could have stated a claim. Because the district court dismissed the case without giving him that chance, we reverse.

I.

In this § 1983 action, pro se prisoner Relonzo Phillips claims that officials at the Dekalb County Jail violated his right to access the courts during his time there as a pretrial detainee. His primary claim is that officials denied him access to a law library, which he says prevented him from successfully pursuing a series of lawsuits. Specifically, Phillips had filed two state-court habeas actions related to his pretrial detention; three state-court mandamus actions—one in state superior court to compel jail officials to provide him with access to a law library, and two in the Georgia Supreme Court to compel the lower courts to litigate one of the habeas cases and the first mandamus case; and another "civil rights" suit in federal court.

21-12308                Opinion of the Court                3

He argued that because he lacked access to legal materials, his mandamus actions were dismissed for failure to file proper forms and his federal suit was dismissed for misjoinder of claims.

After sua sponte screening the complaint as required by 28 U.S.C. § 1915A, a magistrate judge recommended dismissal. She concluded that his access-to-courts claim based on the mandamus actions failed because those actions did not implicate a detainee's right to access the courts. His federal civil rights suit could not support the claim either, the magistrate decided, because Phillips failed to show that it involved a viable claim. In response, Phillips filed a motion to amend his complaint, which explained that the prior civil rights suit had included, among others, a claim that mail room personnel had blocked his "legal mail" to and from the Georgia Department of Administrative Services. He also objected to the magistrate's recommendation, arguing that in his amended complaint he fixed the original complaint's deficiencies.

The district court dismissed the case without ruling on the motion to amend the complaint. It held that Phillips failed to state an access-to-courts claim because he did not "attack a sentence or challenge a condition of confinement" in the underlying cases. This Court granted Phillips leave to appeal, noting that "Phillips could raise as an issue of arguable merit that the district court abused its discretion when it dismissed his complaint without allowing him to amend it."

4                       Opinion of the Court                    21-12308

## II.

We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915A based on a failure to state a claim. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). We take all factual allegations as true, construing a pro se prisoner's complaint liberally. *Id.* We review a denial of a motion to amend a complaint for abuse of discretion. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

## III.

When a "more carefully drafted complaint might state a claim," a district court must give a pro se plaintiff at least one chance to amend his complaint. *Id.* (quotation omitted). Phillips challenges the district court's decision to dismiss the case without giving him that opportunity.[1] The question therefore is whether Phillips could have stated an access-to-courts claim in an amended complaint.

Under the Fourteenth Amendment, a prisoner (including a pretrial detainee) has a right to access the courts to pursue "direct appeals," "habeas petitions," and civil rights actions under § 1983 that "vindicate basic constitutional rights." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (quotation omitted). Alleging an access-to-

---

[1] Phillips filed a brief in support of his complaint, which although labeled as an "amended complaint" in the district court's docket, was not treated as one by the magistrate or district court.

courts claim entails showing that an official actually "impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998). Because "prisoners have no inherent or independent right of access to a law library or to legal assistance," a constitutional violation occurs only when denying access causes "actual injury" to a prisoner's pursuit of a qualifying claim. *Id.*

Phillips's original complaint lacked such claims. The state habeas claims challenged the validity of his ongoing state robbery prosecution—where he was represented by counsel. Phillips thus was not deprived of meaningful access to the courts to challenge his arrest and charges. *See id.* at 1291. But even if the proceedings were distinct enough that he had been deprived of access, Phillips did not allege that the lack of access to a law library harmed his habeas suits in any way. So, at minimum, in his habeas cases he suffered no actual injury. *See id.* at 1290–91.

As for his mandamus cases, Phillips's access-to-courts right was not implicated because they were not direct appeals, habeas petitions, or § 1983 actions. *See Lewis*, 518 U.S. at 354. And finally, Phillips provided no details about his prior federal civil rights case, so the district court was correct that it could not determine whether that case involved qualifying, nonfrivolous claims. *See Wilson*, 163 F.3d at 1290. Phillips thus failed to state an access-to-courts claim in his original complaint.

The district court, however, should have given him one chance to amend. In his proposed amended complaint Phillips

alleges that his prior federal civil rights case involved a claim that jail officials violated his right to send and receive mail. That right "exists under the First Amendment," and although a prisoner's exercise of the right may be somewhat restricted, the mail system remains "a crucial means of communicating with the outside world" for detainees. *Mitchell v. Peoples*, 10 F.4th 1226, 1229 (11th Cir. 2021); *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). In his original complaint, Phillips alleged that he suffered an actual injury in the prior civil rights case, claiming that it was dismissed for "misjoinder" of claims. *See Wilson*, 163 F.3d at 1290–91. Because Phillips could have alleged that jail officials impeded his pursuit of a nonfrivolous civil rights action—his mail-restriction claim—by denying him access to a law library, the district court should have allowed Phillips one chance to amend his complaint.

We therefore **VACATE** the dismissal and **REMAND** the case to the district court with instructions to grant Phillips leave to amend his complaint.