[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13157

Non-Argument Calendar

_____

ROBERT ALLEN AUSTIN,

Plaintiff-Appellant,

*versus*

JAMES WALTER MCCANN,
ELIZABETH ROSE MCHUGH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cv-14225-AMC

_____

Before NEWSOM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Robert Austin, proceeding *pro se*, appeals the dismissal with prejudice of his civil rights complaint against Florida Circuit Court Judge James Walter McCann and Hearing Officer Elizabeth Rose McHugh.  He argues that: (1) Judge McCann and Hearing Officer McHugh violated his rights by conducting a hearing in a family law proceeding that Austin was involved in, setting a date by which Austin was to pay attorney's fees that he owed his ex-wife, ordering him to be held in civil contempt if he did not pay, and, when he did not pay the fees by the set date, enforcing the civil contempt order against him; and (2) Judge McCann and Hearing Officer McHugh are not protected by judicial immunity because his proceeding lacked a "civil cover sheet" and they denied him his Fourteenth Amendment right to due process.  After careful review, we affirm.

We review an order granting a motion to dismiss for failure to state a claim *de novo*, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005).  We review a district court's decision to deny leave to amend for abuse of discretion.  *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

Judges enjoy absolute judicial immunity when they act in their judicial capacity so long as they do not act "in the clear

absence of all jurisdiction." *Sibley*, 437 F.3d at 1070 (quotations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (quotations omitted). A judge acts in his or her judicial capacity by performing normal judicial functions, in chambers or open court, in cases pending before the judge. *Id.* In *Sibley*, the petitioner brought a civil rights action against the Florida judges who imprisoned him due to his failure to pay child support as ordered. *Id.* at 1069–70. The district court dismissed Sibley's complaint for failure to state a viable claim on the ground that the state court judges were entitled to absolute judicial immunity, and, on appeal, we affirmed. *Id.* at 1069–73.

Absolute immunity "flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Stevens v. Osuna*, 877 F.3d 1293, 1301–02 (11th Cir. 2017) (quotations omitted). We apply a "functional approach" to determine whether an official is entitled to absolute immunity based on factors like:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Id.* at 1302.  We've noted that absolute immunity has been extended beyond Article III judges to state court judges, administrative law judges and federal hearing examiners, federal and state prosecutors, grand jurors, and witnesses testifying in judicial proceedings.  *Id.*

Hearing officers in Florida child support proceedings are appointed by the chief judge of the judicial circuit and are empowered to "issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence." Fla. Fam. L. R. P. 12.491(c), (e).  Upon receipt of a support proceeding, a hearing officer shall, *inter alia*, "evaluate the evidence and promptly make a recommended order to the court."  Fla. Fam. L. R. P. 12.491(e)(4).

Under the Federal Rules, leave to amend a complaint that is requested after a responsive pleading has been filed shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a).  This rule "severely restricts" a district court's discretion to dismiss a complaint without first granting leave to amend.  *Sibley*, 437 F.3d at 1073 (quotations omitted).  "Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Woldeab*, 885 F.3d at 1291 (quotations omitted).  Nevertheless, "a district court may dismiss when such amendment would be futile."  *Sibley*, 437 F.3d at 1073.  In *Sibley*, we held that the district court did not abuse its discretion in denying Sibley leave to amend his complaint, since the defendants

would still have had judicial immunity from his proposed amended claims. *Id.* at 1074.

Florida Family Law Rule of Procedure 12.100 provides the requirements for pleadings, motions, and captions in Florida family court cases. Fla. Fam. L. R. P. 12.100. The rule provides that:

> A cover sheet for family court cases (form 12.928) must be completed and filed with the clerk at the time a complaint or petition is filed by the party initiating the action. If the cover sheet is not filed, the clerk must accept the complaint or petition for filing; but all proceedings in the action must be abated until a properly executed cover sheet is completed and filed. The clerk must complete the cover sheet for a party appearing pro se.

Fla. Fam. L. R. P. 12.100(c)(3). Form 12.928 contains the instructions for cover sheets. Fla. Fam. L. R. P. 12.928.

A party fails to adequately present an issue on appeal "when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to th[at] claim[]." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted). Similarly, an appellant abandons an issue when he makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Id.* An issue is also abandoned when passing references appear in the argument section of an opening brief, but the references are "mere background to the appellant's main arguments" or "they are buried

within those arguments." *Id.* at 682 (quotations omitted).  While we "read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

Here, the district court did not err in dismissing Austin's complaint because Judge McCann and Hearing Officer McHugh were entitled to absolute judicial immunity in this lawsuit.  For starters, Austin does not dispute that Hearing Officer McHugh could be entitled to absolute immunity by virtue of her appointment as a hearing officer.  Further, the district court correctly determined that the actions Austin challenged were clearly judicial in nature -- including that Judge McCann and Hearing Officer McHugh had conducted a hearing in a family law proceeding that Austin was involved in, set a date by which Austin was to pay attorney's fees that he owed his ex-wife, ordered him to be held in civil contempt if he did not pay, and, when he did not pay the fees by the set date, enforced the civil contempt order against him.

Because Austin offers nothing to suggest that these actions were not judicial in nature, Judge McCann and Hearing Officer McHugh were entitled to judicial immunity unless they acted "in the clear absence of all jurisdiction." *Sibley*, 437 F.3d at 1070 (quotations omitted).  Austin claims that Judge McCann and Hearing Officer McHugh acted "in the clear absence of all jurisdiction" because they held a hearing on the civil contempt motion filed against him by his ex-wife and enforced a civil contempt order without completing a certain cover sheet he deems necessary to the

process.  However, the cover sheet Austin refers to is required only to initiate a lawsuit, not to file a motion, and there is nothing in Florida's rules suggesting that the failure to prepare a civil cover sheet has any bearing on the court's jurisdiction.  *See* Fla. Fam. L. R. P. 12.100, 12.298.  Nor does Austin's allegation that he was denied due process -- which is belied by the record -- establish a complete lack of jurisdiction.  Because Austin's claim is based entirely on actions that were part of a judge's normal judicial functions, and the record does not reflect "the clear absence of all jurisdiction," the district court correctly decided that Judge McCann and Hearing Officer McHugh were entitled to absolute judicial immunity.  *See* *Sibley*, 437 F.3d at 1069–73.

It's also worth noting that Austin has abandoned any argument that the district court abused its discretion in dismissing his complaint with prejudice, since Austin does not raise this issue on appeal.  *See Sapuppo*, 739 F.3d at 681. In any event, the district court did not abuse its discretion by not giving Austin the chance to amend before dismissing the case with prejudice.  As the record makes clear, Austin's claim against Judge McCann and Hearing Officer McHugh, even if amended, would still be barred by judicial immunity, and, thus, any amendment would have been futile.  *Sibley*, 437 F.3d at 1074.  Accordingly, we affirm.

**AFFIRMED.**