[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13273

Non-Argument Calendar

_____

DWIGHT SMITH,
CATHERINE SMITH,
BRYANT SMITH,

Plaintiffs-Appellants,

*versus*

AMH 2014-1 BORROWER, LLC,
AMERICAN HOMES 4 RENT SFR, LLC,
AMERICAN HOMES 4 RENT, L.P.,
AH4R MANAGEMENT - GA, LLC,
DAVID SINGELYN, et al.,

Defendants-Appellees,

2                    Opinion of the Court                    23-13273

DOES 1-25, INCLUSIVE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00805-SEG

_____

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Dwight Smith, proceeding pro se along with his wife and daughter, appeals the district court's dismissal of his discrimination and retaliation claims under the Fair Housing Act for failure to state a claim. He argues on appeal that the district court erred because AMH 2014-1 failed to provide accommodations after being given notice of his disability, and because it unlawfully retaliated against him after he requested accommodations. He also appeals the court's denial of his motion for leave to file a third amended complaint, which the court found would be futile. Because the district court did not err in either of these respects, we affirm.

**I.**

We review de novo the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Am. Dental*

*Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).  To survive this motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (quotation omitted).  This analysis generally has two steps.  First, we must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Am. Dental Ass'n*, 605 F.3d at 1290 (quotation omitted).  Pro se pleadings, however, "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Even so, a pro se litigant is "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

We also review the denial of leave to amend by reason of futility de novo because "futility is a legal conclusion that the amended complaint would necessarily fail."  *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1328 (11th Cir. 2020).  A party may freely amend their complaint once within 21 days, but after that the party must seek either the consent of the opposing party or the court's leave to amend.  Fed. R. Civ. P. 15(a).  The court should permit amendment "when justice so requires."  *Id.*  A district court need not grant leave, however, when "a more carefully drafted complaint could not state a claim"—in other words, when amendment would be futile.  *Woldeab v. Dekalb Cnty Bd. of Educ.*,

885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted); *see also Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004).

## II.

We begin, as Smith did, with his claim that AMH discriminated against him because of his disability by failing to provide a reasonable accommodation. The Fair Housing Act provides that it is unlawful to refuse to rent or otherwise discriminate against any person in the "terms, conditions, or privileges of sale or rental of a dwelling," including by refusing to "make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(b), (f)(3)(B). To state a failure-to-accommodate claim, a plaintiff must show four elements: "(1) he is disabled within the meaning of the FHA, (2) he requested a reasonable accommodation, (3) the requested accommodation was necessary to afford him an opportunity to use and enjoy his dwelling, and (4) the defendants refused to make the accommodation." *Bhogaita v. Altamonte Heights Condo. Ass'n*, 765 F.3d 1277, 1285 (11th Cir. 2014).

Smith's discrimination claim fails because he did not plead sufficient facts to show that he is disabled within the meaning of the Fair Housing Act, and even if he did, his requested accommodation was not reasonable. Under the Fair Housing Act, a person is disabled if he has or is regarded as having "a physical or mental impairment which substantially limits one or more of such person's major life activities." 42 U.S.C. § 3602(h). "Major life

activities," in turn, "means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 24 C.F.R. § 100.201(b). All Smith has alleged, however, is that he has Crohn's disease, which in September of 2021 required him to be hospitalized for three days and to receive a blood transfusion. But he did not allege any further facts about his health or how his Crohn's disease affects his major life activities. This, by itself, is insufficient to allege that Smith met the statutory definition of disabled. *See* 42 U.S.C. § 3602(h); 24 C.F.R. § 100.201(b).

Even if Smith could allege a disability, he has not met his burden of showing that the proposed accommodation is facially reasonable. *Schaw v. Habitat for Human. of Citrus Cnty, Inc.*, 938 F.3d 1259, 1265 (11th Cir. 2019). Smith alleges that he asked for "more time to move" due to his disability, and that this was a "Reasonable Accommodation Disability Request." But calling his request reasonable does not make it so. Judging the reasonableness of an accommodation request requires us to consider "whether the requested accommodation is both efficacious and proportional to the costs to implement it." *Schaw*, 938 F.3d at 1265 (quotations omitted). An accommodation is unreasonable if it would require "a fundamental alteration in the nature of a program" or if it would impose "undue financial and administrative burdens." *Id.* (quotation omitted). Put differently, "the difference between an accommodation that is required and a transformation that is not is the difference between saddling a camel and removing its hump." *Id.* (quotation omitted and alteration adopted). Smith asks AMH

to remove the hump.  In fact, his requested accommodation is not really an accommodation at all.  He is not asking for a modification in his dwelling that would ameliorate the effects of his handicap—he is asking for AMH to cease or substantially delay his eviction.  This requested accommodation in no way addresses the needs created by his alleged disability—Crohn's disease.  *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1226 (11th Cir. 2008).  Instead, it goes beyond those needs to place him in a better position than a non-disabled resident under the same circumstances, which is an improper interpretation of the Fair Housing Act.  *Id.*

Smith's claim that he was retaliated against in violation of the Fair Housing Act also fails.  The Fair Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" any right granted or protected by the Act.  42 U.S.C. § 3617.  The district court found that Smith's retaliation claim suffered from fundamental timing issues—any allegedly retaliatory action occurred *before* Smith's allegedly protected activities.  We agree.  According to Smith's own pleading, AMH first notified Smith that he had broken the terms of the lease and needed to vacate the premises on March 4, 2021.  Then, on March 5, 2021, Smith notified AMH that he had just had surgery and would need time to vacate.  AMH sent move-out notices again on March 9, March 10, March 15, and March 19.  It was not until March 20 that Smith sent his accommodation request to delay his eviction.  Even assuming that this was protected activity, it came *after* AMH had already tried to remove Smith multiple times for an independent violation of the terms of

Smith's lease. Because Smith has not alleged facts sufficient to support a claim that AMH retaliated against Smith, the district court did not err when it dismissed this claim.

Finally, the district court did not err in denying Smith's motion for leave to file a third amended complaint. Smith had already amended his complaint twice, and had received specific instructions about how to resolve the deficiencies in his prior pleadings. His latest round of proposed revisions would not cure the fundamental problems with his Fair Housing Act claims, discussed above. Accordingly, the district court was correct to deny Smith's motion for leave to amend based on futility.[1]

Because the district court did not err in dismissing Smith's second amended complaint for failing to state a claim, nor in denying his motion to amend his complaint a third time, the judgment of the district court is **AFFIRMED**.

---

[1] Smith also moved to add a supplemental addendum to his appellate brief. This proposal consists of a table of contents and jurisdictional statement, but does not include any substantive changes to his legal arguments on appeal. Though it does not change the outcome of his appeal, this motion is **GRANTED.**