[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11481

Non-Argument Calendar

_____

CARYN HALL YOST-RUDGE,
WILLIAM JOHN RUDGE, IV,

Plaintiffs-Appellants,

*versus*

THE CITY OF STUART
a municipal corporation,
A TO Z PROPERTIES, INC,
a Florida corporation,
PAUL J. NICOLETTI,
ROBERT L. KILBRIDE,
MICHAEL J. MORTELL,

2                     Opinion of the Court                24-11481

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14270-DMM

_____

Before BRANCH, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Appellants Caryn Yost-Rudge and William John Rudge ("the Rudges") appeal the district court's order dismissing with prejudice their complaint against the City of Stuart, A to Z Properties, Inc., the present City Attorney and past City Attorneys ("the City"). In their complaint, the Rudges alleged that the City violated their due process and equal protection rights by using the nuisance abatement process to fraudulently procure their homestead property for a large town home development project. The Rudges claim that the City allegedly obtained the property through state court decisions that denied the Rudges the opportunity for a hearing or a trial. On appeal, the Rudges contend that the district court abused its discretion in dismissing their complaint with prejudice without allowing them an opportunity to amend. Having read the parties' briefs and reviewed the record, we affirm the district court's order of dismissal.

**I.**

We review for abuse of discretion a district court's order dismissing a complaint with prejudice. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018). A district court's discretion to deny leave to amend is severely restricted by Federal Rule of Civil Procedure 15, that emphasizes that courts should freely give leave to amend when justice requires. *Id.* (internal quotation marks omitted). However, we review *de novo* the district court's determination that amendment would be futile. *Harris v. Ivax Corp.*, 182 F.3d 799, 802 (11th Cir. 1999).

## II.

In April 2009, the City cited the Rudges for code violations on their homestead and gave them three months to comply with the City's ordinances. After three months, the City filed and served a notice to abate, dated October 13, 2009, giving the Rudges 10 more days to bring the property into compliance. The Rudges failed to abate the nuisance, and in December, the City notified the Rudges that they would clean up the property. Mr. Rudge notified the City that he would not allow them access to his property. The City then obtained an *ex parte* injunction to abate nuisance on the Rudges' homestead property. The City sent a crew to clean up the property during the last two weeks in December 2009.

The Rudges left their homestead and proceeded to the courts, arguing that the City violated their due process and equal protection rights by using the abatement process to fraudulently procure their homestead property for a large town home development. After failed attempts at both the state and federal court level,

the Rudges and the City entered into a settlement agreement. The agreement provided that the parties were settling all disputes, and that the Rudges would auction their property. Pursuant to the terms of the agreement, after the auction, the Rudges were to give the City the lesser of the amounts of 20% of the sale or $55,000, the City would release the liens, and the Rudges would waive all claims against the City. An auction did not take place. Rather, in March of 2015, the Rudges sold the property to A to Z Properties, Inc. for $6,000. Several issues arose from this sale, and the parties litigated the issues.

In 2023, the Rudges filed the present lawsuit for civil rights violations under 42 U.S.C. §1983. The City filed a motion to dismiss based on several grounds, including failure to state a claim, the applicable statute of limitations, *res judicata*, collateral estoppel, and release. On report and recommendation, the magistrate judge determined that the motion should be granted based on the expiration of the statute of limitations, the existence of the settlement agreement, and the doctrine of *res judicata*. The district court adopted the report and recommendation in its entirety and granted the City's motion to dismiss with prejudice. The Rudges filed this appeal.

### III.

The crux of this appeal is whether the district court abused its discretion in granting the City's motion to dismiss with prejudice without allowing the Rudges an opportunity to amend their complaint. Our court has long recognized that district courts

should provide *pro se* litigants at least one opportunity to amend a deficient complaint before dismissing the action with prejudice, unless amendment would be futile. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132-33 (11th Cir. 2019) (noting that in some situations further leniency—or "an extra dose of grace"—may be warranted "in recognition of the difficulty in proceeding *pro se*"). However, in *Wager v. Daewoo Heavy Indus.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*), we recognized the importance of finality in our judicial system.

Based on the record, we conclude that the district court properly dismissed the Rudges' complaint with prejudice. As the district court found, to permit any amendment would have been futile. The allegations in the complaint seek relief related to the injunction and the sale of the property, which have been the subject of numerous prior suits, in state court and federal court. Thus, the district court found that because the claims were time-barred, released as part of a prior settlement, or barred by *res judicata*, any amendment would still be subject to dismissal as a matter of law.

Accordingly, based on the aforementioned reasons, we affirm the district court's order dismissing the Rudges' complaint with prejudice.

**AFFIRMED.**