**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10070
Non-Argument Calendar
_____

DONALD A. GEORGE,

*Plaintiff-Appellant,*

*versus*

THE CINCINNATI INSURANCE COMPANY,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:24-cv-00351-AMM
_____

Before ABUDU, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

Donald George, proceeding pro se, appeals the dismissal of his complaint alleging claims under 42 U.S.C. § 1981 and Alabama law. We affirm the district court's dismissal.

## I. BACKGROUND

In March 2024, George filed his pro se complaint against Cincinnati Insurance Company ("CIC") alleging two claims of bad faith under Alabama law and one claim of contractual injury caused by race discrimination pursuant to 42 U.S.C. § 1981. In support of these claims, George alleged that, in 2011, he was involved in a car accident with Carol Ann McCoy, CIC's insured, and CIC's representative stopped communicating with him about his insurance claim.

CIC moved to dismiss George's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that his complaint was untimely and failed to state a claim upon which relief could be granted. George responded in opposition to the motion and moved for depositions and discovery from CIC.

The district court granted CIC's motion and dismissed George's complaint with prejudice. It found that George's claims were untimely because the events underlying the complaint occurred over ten years ago, far beyond the two- and four-year statutes of limitations for bad faith and § 1981 claims, respectively. The court additionally determined that George failed to allege facts to support any element of his bad faith or race discrimination claims. It also found that, because George's claims were time-barred, any attempt to amend the complaint would be futile, and it denied as moot George's pending discovery motion. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a district court's grant of a Rule 12(b)(6) motion, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## III. DISCUSSION

On appeal, George contends that the district court erred in dismissing his case because he was held to an inappropriate standard for pro se parties and was not given the opportunity to cure the deficiencies in his complaint. We disagree and conclude that dismissal was appropriate on the two bases articulated by the district court.

First, it was "apparent from the face of the complaint that" George's claims were time-barred. *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (citation modified). As alleged by George, the incidents underlying his complaint occurred in 2011. The § 1981 claim had a four-year limitations period, and the Alabama bad-faith claims had a two-year limitations period. *See* 28 U.S.C. § 1658(a); Ala. Code 6-2-38(l). Yet, George did not file the instant complaint until March 2024, far beyond the expiration of these applicable statutes of limitations. George has offered no explanation for his delay in filing the instant case, nor does it appear that he could excuse his untimeliness, as he previously pursued similar state court actions against CIC and McCoy. *See Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc)

(outlining what a party must prove to be entitled to equitable tolling of the statute of limitations).

Second, even assuming that George's complaint was timely, he failed to allege sufficient facts to demonstrate that his claims for relief were "plausible on their face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation modified). In his complaint, George merely outlined the elements of his asserted causes of action without supplying any facts to support his allegations of bad faith and race discrimination. *See Walker v. Life Ins. Co. of N. Am.,* 59 F.4th 1176, 1186–87 (11th Cir. 2023) (outlining the elements of the tort of bad faith under Alabama law); *Ziyadat v. Diamondrock Hosp. Co.,* 3 F.4th 1291, 1296 (11th Cir. 2021) (stating the elements of a § 1981 claim). A "formulaic recitation of the elements of a cause of action" is insufficient to overcome a Rule 12(b)(6) motion, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and while the district court was required to liberally construe George's pro se complaint, it was under no obligation to serve as his "de facto counsel" and rewrite the deficient pleading to sustain this action, *Campbell v. Air Jam. Ltd.,* 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation modified).

Because George's claims are both time-barred and insufficiently pleaded, the district court was within its discretion to decline George the opportunity to amend and to dismiss his complaint with prejudice. *See Woldeab v. Dekalb Cnty. Bd. of Educ.,* 885 F.3d 1289, 1291 (11th Cir. 2018) (explaining that leave to amend need not be granted where "a more carefully drafted complaint would not state a claim" (citation modified)).

George also suggests that the district court's failure to allow him the opportunity for discovery prior to the dismissal of his case was erroneous. But contrary to George's contentions, no party—even if pro se—is entitled to discovery before a Rule 26(f) conference, which did not take place in this case. *See* Fed. R. Civ. P. 26(d)(1), (f). In any event, because there was no basis upon which to continue the case due to the deficiencies in George's complaint, the district court did not err in denying as moot the discovery motion pending at the time of dismissal. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (citation modified)).

## IV. CONCLUSION

We **AFFIRM** the dismissal of George's complaint with prejudice.