**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12693
Non-Argument Calendar
_____

CURTIS GORHAM,

                                                    *Plaintiff-Appellant,*

*versus*

ELIJAH SMILEY,
   Judge,
GARY LAVINE,
   Dr.,

                                                    *Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:24-cv-00280-MW-MJF
_____

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Curtis Gorham appeals the district court's order dismissing his civil complaint without prejudice as a shotgun pleading. After review, we affirm.

## I.    Background

Gorham, proceeding *pro se*, filed a civil complaint against "120 [unnamed] parties," containing general, conclusory allegations of "conspiracy, malicious prosecution, false arrest, poisoning by police," and issues with various actions taken in various state court cases he had in Florida. Gorham also successfully moved to proceed *in forma pauperis*. A magistrate judge *sua sponte* preliminarily screened the complaint under 28 U.S.C. § 1915(e)(2), and concluded, in relevant part, that the complaint violated the rules of civil procedure concerning pleading and joinder. The magistrate judge explained what Gorham needed to do to fix the deficiencies and dismissed the complaint without prejudice with instructions for Gorham to file an amended complaint.

Thereafter, Gorham filed a motion for rehearing of the magistrate judge's order; a motion requesting appointment of a guardian ad litem because Gorham was "incompetent"[1]; and a motion for appointment of counsel because he was indigent, "mentally incompetent," and had been found "vexatious in a hearing in the state court prior to removal to federal court." The court denied these motions.

---

[1] Gorham did not specify the basis of his alleged incompetency.

Gorham then filed an amended complaint, but he did not clarify who the defendants were or what specific claims he sought to raise. Instead, he again took issue with various actions taken in his various Florida state court cases and asserted that he had "removed" the present case from state to federal court. He generally asserted that the action "include[d] but [was] not limited to a 'Mass Action' to include medical malpractice, personal injury, 42 USC 1983 Civil Rights and various other causes of action" against "100 parties," including doctors, nurses, medical practices, hospitals, hospital officials and employees, state court judges, state courts and court employees, financial institutions, various Florida police departments, and other individuals. He included allegations related to inadequate medical care that he received in Florida, issues that he had with certain judicial rulings in his state court actions, and recitations of various Florida law provisions that he believed were relevant to his cases.

A magistrate judge issued a report and recommendation ("R&R"), recommending that the amended complaint be dismissed with prejudice as an impermissible shotgun pleading. Gorham objected to the R&R, arguing that he could not file a compliant complaint because he had not been provided counsel. He maintained that counsel was necessary because this case was "a mass action based on state court fraud also by a[n] indigent litigant [who was] 'incompetent' for the past 18 years as far as the government [was] concerned." Without counsel, he maintained that his right to access the courts was denied. He then reiterated

some of his allegations related to the medical care he received in Florida and the rulings in his state court cases.

The district court adopted the R&R over Gorham's objections with the exception that it rejected the recommendation to dismiss the case with prejudice. Instead, it dismissed the complaint without prejudice thereby leaving Gorham the opportunity to refile. This appeal followed, and we appointed counsel to represent Gorham in this appeal.

## II.    Discussion

Gorham does not challenge the district court's determination that the amended complaint was a shotgun pleading. Instead, he takes issue generally with the district court's failure to appoint him counsel and reiterates the issues he has with various actions taken in his state court cases.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We "review a district court's decision not to appoint counsel for abuse of discretion." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007). "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). "A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff." *Id.* "The district court has broad discretion in making this decision, and

should appoint counsel only in exceptional circumstances." *Id.* (citation omitted). Such exceptional circumstances exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Id.* at 1294.

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8 requires that the complaint set forth "a short and plain statement of the claim" demonstrating an entitlement to relief, and Rule 10 requires that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Rule 10 further provides that each claim be stated in separate counts "[i]f doing so would promote clarity." *Id.* R. 10(b). As we have previously explained, there are approximately four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1321 (11th Cir. 2015).

The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

We have repeatedly condemned the use of shotgun pleadings. *See Barmapov*, 986 F.3d at 1324; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). And we have explained that where a party files a shotgun pleading, "the district court should strike the pleading and instruct [the party] to replead the case . . . even when the other party does not move to strike the pleading." *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (alteration adopted) (quotations omitted); *see also Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that

generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice). In dismissing the improper shotgun pleading, the district court should explain how the pleading violated the rules of civil procedure so that the plaintiff can remedy those issues in his next pleading. *Vibe Micro*, 878 F.3d at 1296. However, if the plaintiff again files an amended complaint that fails to correct the identified deficiencies, then the district court may dismiss the case. *Id.* at 1295–96.

Here, to the extent that Gorham appeals the district court's denial of his motion for appointment of counsel, he failed to show that the district court abused its discretion. Although Gorham asserted that he needed counsel because he was indigent, "mentally incompetent," and had been deemed "vexatious" in state court, none of those grounds demonstrate exceptional circumstances for the appointment of counsel. Specifically, while mental incompetency may present valid exceptional circumstances warranting the appointment of counsel, Gorham failed to explain to the district court the basis for his mental incompetency allegation or how his alleged incompetence affected his ability to present his case. Furthermore, he failed to assert any novel facts or legal issues that would require the assistance of a trained practitioner. *See Fowler*, 899 F.2d at 1096. Accordingly, we conclude that the district court did not abuse its discretion in denying Gorham's motion for appointment of counsel.

Turning to the dismissal of the complaint, as an initial matter, by failing to challenge the district court's determination that his amended complaint was an impermissible shotgun pleading, Gorham arguably abandoned the issue. *Sapuppo*, 739 F.3d at 680.

Even assuming he did not abandon the issue, the district court did not abuse its discretion in dismissing the amended complaint without prejudice as a shotgun pleading. Gorham's amended complaint was a shotgun pleading because it contained conclusory, vague, and immaterial facts not obviously connected to a particular count. *Weiland*, 792 F.3d at 1321–23 (explaining that one type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). The amended complaint also failed to separate out the causes of action or connect any causes of action with any particular defendant in violation of the rules of civil procedure. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Therefore, the district court properly dismissed the complaint. *See Vibe Micro*, 878 F.3d at 1296. Moreover, the dismissal was without prejudice, which means that Gorham is free to refile his complaint. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (explaining that generally a dismissal without prejudice is not an abuse of discretion). Accordingly, we affirm.

**AFFIRMED.**