**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11895
Non-Argument Calendar

————————————

DIANE BATES,

*Plaintiff-Appellant,*

*versus*

THOMAS LEE MACON, IV,
DENNIS HILL,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
ATTORNEY GENERAL OF THE STATE OF ALABAMA,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cv-00154-MHT-CWB

————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Pro se plaintiff Diane Bates appeals the district court's dismissal of her 35-count, 310-paragraphs-long amended complaint and its denial of her motion for reconsideration.

We review the district court's dismissal of a complaint under Rule 8(a)(2) for abuse of discretion.[1] *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Rule 8(a)(2) demands "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint amounts to an impermissible "shotgun pleading" if it is "replete with conclusory, vague, and immaterial facts not obviously connected" to any particular claim or asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1322–23.

Here, the magistrate judge concluded that Bates's amended complaint failed to include "any factual allegations relevant to liability or to distinguish among the defendants." The district judge agreed. So do we. To the extent the amended complaint includes "any allegations that are material" to Bates's myriad claims, they

---

[1] The denial of a motion for reconsideration ordinarily does not entail a separate analysis: "we review the original disposition itself under whatever standard of review we would normally use." *ECB USA, Inc. v. Chubb Ins. Co. of N.J.*, 113 F.4th 1312, 1318 (11th Cir. 2024).

25-11895                  Opinion of the Court                  3

are "buried beneath innumerable pages of rambling irrelevancies" and extraneous exhibits. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Simply put, the pleading fails to provide "the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

The magistrate judge informed Bates of these deficiencies and ordered her to file a second amended complaint. Rather than heed those instructions, Bates elected to stand on her pleading. A district court may dismiss a pro se complaint with prejudice if it has "a clear indication that the plaintiff does not want to amend his complaint." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quotation omitted). The court did not err by doing so here.

⋆    ⋆    ⋆

We **AFFIRM**.