[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15751
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24307-KMW

ANDRZEJ MADURA,
ANNA DOLINSKA-MADURA,

Plaintiffs-Appellants,

versus

BANK OF AMERICA, N.A.,
AKERMAN LLP,
WILLIAM P. HELLER,
BRENDAN HERBERT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 8, 2019)

Before WILSON, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrzej Madura and Anna Dolinska-Madura appeal the dismissal of their pro se complaint. The Maduras sued Bank of America, N.A. for declaratory relief from a judgment of foreclosure, and Akerman LLP and two of its attorneys for fraud. On appeal, the Maduras argue the district court erred by: (1) failing to convert the motion to dismiss into a motion for summary judgment, (2) improperly dismissing the claims related to the foreclosure based on collateral estoppel, (3) improperly dismissing the fraud claims based on collateral estoppel and Florida's litigation privilege, and (4) failing to allow the Maduras to amend their complaint before dismissing it with prejudice. We disagree and affirm.

I.

The Maduras first argue that the district court improperly granted the defendants' motion to dismiss by considering orders from the Maduras' extensive prior litigation over rescission of their home loan.[1] We review a district court's decision not to convert a motion to dismiss into a motion for summary judgment de novo. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336–37 (11th Cir. 2010).

---

[1] *See Madura v. Bac Home Loans Servicing, LP*, 593 F. App'x 834, 837–40 (11th Cir. 2014) (*Madura V*) (discussing the Maduras' five prior lawsuits over the rescission of their home loan).

2

Consideration of a Rule 12(b)(6) motion is generally limited to the face of the complaint, and consideration of matters outside the pleadings converts the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). But the district court may consider exhibits attached to the complaint. Fed. R. Civ. P. 10(c); *see Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 n.7 (11th Cir. 2006). A district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity. *Day*, 400 F.3d at 1276. A document is central to a complaint when it is a "necessary part of [the plaintiff's] effort to make out a claim." *Id.* Under those circumstances, the district court may consider the documents without converting the motion to dismiss into a motion for summary judgment. *See id.* at 1275–76.

The Maduras' complaint outlined their prior lawsuits against Bank of America and the Akerman defendants. The claims were based almost entirely on the defendants' conduct during those prior lawsuits, including that the defendants falsified loan documents and misled the district court. The Maduras also attached to their complaint several record excerpts from those prior cases. The Maduras do not challenge the authenticity of the court orders, and their prior litigation history

3

was central to their complaint.[2]  The Maduras cannot use their litigation history as both the basis for their instant claims and the reason the district court cannot review those claims.  The district court thus did not err in considering prior orders without converting the motion to dismiss into a motion for summary judgment.

## II.

The Maduras next challenge the district court's dismissal based on collateral estoppel.  They argue that they have not litigated the first four counts of their complaint.  The premise of those four claims was the Maduras' assertion that Bank of America's foreclosure on their home was improper because the Maduras rescinded the mortgage in 2001, meaning there was no valid mortgage upon which Bank of America could foreclose.  The Maduras argue that collateral estoppel does not apply because they now seek a different remedy, using a different claim, against different parties.[3]

---

[2] Relatedly, it was not erroneous for the district court to consider the defendants' res judicata and collateral estoppel defense at the motion to dismiss stage.  "A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint."  *Starship Enters. of Atl., Inc. v. Coweta Cty.*, 708 F.3d 1242, 1252 n.13 (11th Cir. 2013).  Given that the Maduras' entire complaint was based on the defendants' conduct during prior proceedings—and the preclusive effect of those proceedings—the motion to dismiss was a proper vehicle for raising res judicata and collateral estoppel.

[3] The Maduras also argue that the district court in *Madura V* lacked subject matter jurisdiction.  Like the Maduras' other claims, we already considered and rejected that issue in *Madura V*.  *See Madura V*, 721 F. App'x at 842 (concluding that the Maduras' argument on subject matter jurisdiction was "not a jurisdictional argument" but an "attempt[] to disguise their recession arguments as jurisdictional challenges").

We review a district court's application of collateral estoppel de novo. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013). The federal common law governs the preclusive effect of a judgment by a court exercising federal question jurisdiction. *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1179 (11th Cir. 2013), *overruled on other grounds by CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017).

Collateral estoppel bars "the introduction or argumentation of certain facts necessarily established in a prior proceeding." *Tampa Bay Water*, 731 F.3d at 1180 (quotation marks omitted). The doctrine applies when:

> (1) [T]he issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the earlier proceeding; (3) the determination of the issue must have been a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue.

*Id.* (quotation marks and ellipsis omitted). Only the party against whom collateral estoppel is asserted must have been a party in the prior proceeding. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1473 (11th Cir. 1986).

In the most recent iteration to reach this court, *Madura V*, we affirmed the district court's grant of summary judgment to Bank of America and rejected the Maduras' argument that they rescinded the loan. *Madura v. Bac Home Loans Servicing, LP*, 593 F. App'x 834, 840 (11th Cir. 2014). In *Madura V*, we held that

5

collateral estoppel barred relitigation of whether: (1) the Maduras rescinded their mortgage loan; (2) the defendants forged or fraudulently altered the loan documents; (3) the loan was usurious; and (4) any other issues arising from the mortgage transaction. *Id.* at 843.

The district court here properly concluded, as we did in *Madura V*, that collateral estoppel barred relitigation of the Maduras' first four claims. First, these identical issues were raised and decided in *Madura V*. *See id.* Second, whether the Maduras rescinded the loan was a necessary part of the judgment because, had the Maduras rescinded the loan, Bank of America would have no mortgage to foreclose upon. *See Tampa Bay Water*, 731 F.3d at 1180. Third, the Maduras had a full and fair opportunity to litigate the claim in the district court—both in response to Bank of America's motion for summary judgment in *Madura V* and in their own motion for partial summary judgment on Bank of America's foreclosure counterclaim. *See id.*; *Madura V*, 593 F. App'x at 840. The Maduras also litigated whether they rescinded their loan in *Madura II* and *Madura III*. *See id.* at 843. Finally, Bank of America need not have been a party to the prior action because Bank of America is asserting collateral estoppel against the Maduras, who were parties. *See Hart*, 787 F.2d at 1473.

The Maduras attempt to save their claims from collateral estoppel by arguing that we should retroactively apply the Supreme Court's intervening decision in

6

*Jesinoksi v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015).  We decline to do so.  A change in law after entry of final judgment seldom prevents application of collateral estoppel unless the intervening case involves "momentous changes in important, fundamental constitutional rights."  *See Precision Air Parts, Inc. v. Avco Corp.*, 736 F.3d 1499, 1503–04 (11th Cir. 1984).  *Jesinoski* clarified that the Truth in Lending Act (TILA), 15 U.S.C. 1601 *et seq.*, allows an obligor to rescind by notifying the creditor within the statutory period of the obligor's intent to rescind but does not require the obligor to sue within that timeframe.  *See Jesinoski*, 135 S. Ct. at 792.  The district court concluded in *Madura V* that the Maduras' letter, even construed broadly, did not provide the requisite notice under TILA to effect rescission and that, even it if had, the Maduras ratified the loan by continuing to make payments.  *See Madura V*, 583 F. App'x at 840.  *Jesinoski* would not have changed the district court's conclusion.  Nor did *Jesinoski* change, momentously or otherwise, an important constitutional right necessitating its retroactive application.

The district court properly concluded that collateral estoppel bars the Maduras' persistent attempt to relitigate these claims.

### III.

The Maduras next argue that the district court erred in dismissing their fraud claim based on Florida's litigation privilege.  In that count, the Maduras alleged

7

that the Akerman defendants created a false loan history to manufacture standing. The Maduras argue that the litigation privilege does not apply to fraud, and that the district court can apply the privilege only at summary judgment.

Florida's litigation privilege grants legal immunity for actions in judicial proceedings. *Sun Life Assurance Co. of Can. v. Imperial Premium Fin., L.L.C.*, 904 F.3d 1197, 1218 (11th Cir. 2018). The privilege confers "[a]bsolute immunity . . . to any act occurring during the course of a judicial proceeding so long as the act has some relation to the proceeding." *Id.* Florida courts have extended this immunity to counsel. *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Florida's litigation privilege also applies to claims of fraudulent conduct during a judicial proceeding. *See Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1275–77 (11th Cir. 2004).

The district court properly dismissed Count V of the Maduras' complaint. First, many of the Maduras' fraud allegations are barred by collateral estoppel because they were already litigated and decided in *Madura V*. *See Tampa Bay Water*, 731 F.3d at 1180. The Maduras already litigated whether the Akerman defendants forged or fraudulently altered the mortgage loan documents, whether the Akerman defendants engaged in impermissible ex parte communication, and whether Bank of America manufactured standing to foreclose on the Maduras'

8

property.  *See Madura V*, 593 F. App'x at 840, 843, 846.  And like their other claims, those claims are barred by collateral estoppel.

Second, the Maduras' remaining fraud claims—including that the Akerman defendants made misrepresentations during prior proceedings—are barred by Florida's litigation privilege.  The Akerman defendants' alleged fraud occurred during judicial proceedings in the Maduras' first, third, and fifth lawsuits.  *See Jackson.*, 372 F.3d at 1275–77.  The district court properly concluded that Florida's litigation privilege warranted dismissal.

## IV.

Finally, the Maduras argue that the district court erred in not allowing them to amend their complaint before dismissal.  We review a district court's decision to grant or deny leave to amend for abuse of discretion.  *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  But we review de novo the district court's conclusion that amendment would be futile.  *SFM Holdings*, 600 F.3d at 1336.

Federal Rule of Civil Procedure 15(a) generally requires courts to allow plaintiffs to amend their complaints before dismissal with prejudice "[w]here a more carefully drafted complaint might state a claim."  *Woldeab*, 885 F.3d at 1291 (quotation marks omitted).  A pro se plaintiff is typically entitled to leave to amend, even if he does not seek leave to amend until after final judgment.  *Id.*  But

a district court need not grant leave to amend if amendment would be futile because a more carefully drafted complaint could not state a claim. *Id.* at 1291–92. Amendment is not futile when more specific allegations or allegations against the proper defendant would save the complaint from dismissal. *Id.*

The district court did not abuse its discretion in dismissing the Maduras' complaint with prejudice without first allowing them to amend. Collateral estoppel precluded the Maduras' already litigated claims. And an opportunity for more careful drafting would not have saved their complaint from dismissal. The district court thus properly concluded that amendment was futile.

The district court did not err in dismissing the Maduras' complaint with prejudice. We affirm.

**AFFIRMED.**

10