[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12139

Non-Argument Calendar

_____

ROBERT MITCHELL,

Plaintiff-Appellant,

*versus*

CITY OF MIAMI BEACH,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-22835-RNS

_____

2                    Opinion of the Court                    22-12139

Before JORDAN, BRANCH, and ABUDU, Circuit Judges.

PER CURIAM:

Robert Mitchell, represented by counsel, appeals the dismissal of his employment discrimination action against his employer, the City of Miami Beach ("the City"), under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1); Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a); and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(1). After reviewing the record and parties' arguments, we affirm.

## I.    FACTUAL   BACKGROUND   &   PROCEDURAL HISTORY

Mitchell, a 65-year-old white, non-Hispanic male whose nation of origin is the United States sued his employer, the City of Miami Beach ("the City"), in August 2021. Thereafter, the district court entered a scheduling order requiring any motion to amend the pleadings be filed by January 25, 2022.

Following certain events not relevant to the present appeal, Mitchell filed the operative amended complaint in December 2021, in which he set forth eight counts of discrimination against the City: age-based claims under the ADEA and the FCRA; race-based claims under Title VII and the FCRA; national-origin-based claims under Title VII and the FCRA; and sex-based claims under Title VII and the FCRA. Mitchell alleged that he had administratively exhausted these claims, explaining that he filed charges of

discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on November 27, 2019, and an amended charge on May 8, 2020, alleging race, sex, age, and national origin discrimination.

According to the amended complaint, the City allegedly discriminated against Mitchell between January 20, 2018, and December 20, 2019, when he applied for, and was denied, eighteen positions which were given to substantially younger, non-white applicants. Specifically, he applied to one position as a background investigator, one as an arson investigator, eight as a school resource officer, and eight as a hostage negotiation team member.

On January 20, 2022, five days before the deadline for amending pleadings, the City moved to dismiss Mitchell's amended complaint. The City first argued that Mitchell's claims related to the denials of positions other than the school resource officer positions filled in 2019 were time-barred, as the denials occurred more than a year before Mitchell filed his first charge with the EEOC in November 2019. The City next contended that Mitchell failed to administratively exhaust his national origin and sex discrimination claims, and his claims of age, race, sex, and national origin discrimination related to the background investigator and school resource officer position denials, because he failed to adequately assert those claims in his EEOC charges. The City provided copies of Mitchell's EEOC charges to demonstrate these alleged deficiencies. Finally, the City argued that Mitchell failed to allege sufficient facts to support a *prima facie* case for age, race, sex, or national origin

discrimination, including the argument that Mitchell failed to sufficiently allege that his identified comparators were similarly situated.

Instead of seeking consent from the City or for the court's leave to file a second amended complaint after receiving the City's motion to dismiss, Mitchell filed a response opposing the motion on February 7, 2022.  In his response, however, Mitchell made no substantive arguments.  Instead, he set forth legal principles for employment cases, such as how to establish a *prima facie* case of disparate treatment, and some case law discussing when a transfer could be considered adverse.  Then, in a single sentence section entitled "Applying the Law to the Facts in the Case at Bar" Mitchell stated:

> Applying <u>Iqbal</u> and <u>Twombly</u> to the well-pleaded facts in Mr. Mitchell's amended complaint, the Court should determine that Mr. Mitchell has sufficiently alleged enough specifics to plead a <u>prima facie</u> case that he suffered age, race/national origin and sex discr[i]mination in being repeatedly denied the jobs for which he applied, and that he sufficiently exhausted his administrative remedies before filing suit.

Mitchell provided no other argument or discussion concerning the administrative exhaustion arguments the City raised in its motion to dismiss, nor did he address his alleged failure in sufficiently identifying similarly situated comparators.  Mitchell also made no indications that he intended to seek leave to file a second amended complaint.

In reply, the City argued that Mitchell failed to address its arguments concerning the exhaustion of administrative remedies or the arguments concerning the insufficiency of his allegations, with the possible exception of its material adversity arguments, and reiterated that dismissal was proper on those grounds. The City also argued that, to the extent Mitchell's citation to legal cases could be interpreted as directly addressing the City's arguments, those cases did not support Mitchell's position and, thus, his claims still failed.

Ultimately, the district court granted the City's motion to dismiss. First, the district court determined that Mitchell failed to challenge the City's arguments related to his failure to exhaust his administrative remedies. The court then found that all the job application denials Mitchell challenged were time-barred,[1] with the exception of the two school-resource officer positions from 2019. As to Mitchell's claims of discrimination based on his sex and national origin related to the school resource officer positions, the district court found that Mitchell also failed to administratively exhaust those claims because his EEOC charges did not allege sufficient facts to support a charge of discrimination. Thus, the only substantive claims Mitchell properly exhausted were his age and race discrimination claims based on the two 2019 school resource officer positions.

---

[1] On appeal, Mitchell does not contest the district court's dismissal of these claims based on the timeliness analysis. As such, this issue is not before the Court.

Notwithstanding Mitchell's failure to exhaust his administrative remedies, the district court conducted a substantive review of each of Mitchell's claims and ruled that he failed to state a claim upon which relief could be granted. Specifically, the court reasoned that Mitchell failed to allege facts sufficient to satisfy the *McDonnel Douglas*[2] or "convincing mosaic" frameworks. The court noted that Mitchell "himself appear[ed] to concede" his amended complaint insufficiently alleged his discrimination claims by "failing to adduce any real opposition to the vast majority of the City's arguments."

As such, the district court dismissed Mitchell's case without prejudice as to those claims for which he failed to exhaust his administrative remedies, and with prejudice as to the remaining claims. The district court dismissed the entire case without leave to amend, noting that he had not requested leave to amend, nor had he indicated an inclination to do so. Now, Mitchell appeals.

II.    **ANALYSIS**

A. *Mitchell Has Abandoned Each of the Arguments He Now Raises on Appeal.*

On appeal, Mitchell now, for the first time, argues that he exhausted his administrative remedies with respect to his national origin discrimination claims. Also, for the first time, he contends that he sufficiently alleged his claims of age, race, and national

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

origin discrimination, specifically challenging the district court's similarly situated comparator finding.

We normally review the dismissal of a complaint for failure to state a claim *de novo*, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiffs. *Tolar v. Bradley Arant Boult Commings, LLP*, 997 F.3d 1280, 1299 (11th Cir. 2021). However, an issue that was not raised in the district court but is raised for the first time on appeal is considered forfeited, and we will not address it absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004). Cursory, conclusory statements do not adequately preserve a more developed argument that could have been presented to the district court but was not. *See Ruckh v. Salus Rehab., LLC,* 963 F.3d 1089, 1111 (11th Cir. 2020) (holding that an unadorned statement in a new-trial motion asserting that a damages award was "excessive and against the weight of the evidence in light of all the deficiencies in Relator's proof discussed above" amounted to mere "superficial assertions" which "were insufficient to permit reasoned consideration by the district court"). Similarly, issues not plainly and prominently raised in a party's initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-83 (11th Cir. 2014).

Here, Mitchell failed to preserve his challenges to the district court's dismissal of his claims because he failed to raise them before the district court in the first instance. In his response to the City's

motion to dismiss, Mitchell provided a single conclusory sentence of analysis in which he asserted that he had alleged sufficient facts to plead a *prima facie* case of discrimination and that he had sufficiently exhausted his administrative remedies. This single, superficial and conclusory assertion, without further analysis or support, was insufficient to preserve either of his arguments on appeal. *Ruckh, LLC,* 963 F.3d at 1111. Similarly, neither the inclusion of facts relevant to his current arguments within the fact section of his response, nor the inclusion of generally applicable employment law within his "Governing Legal Principles" section clearly presented his current arguments to the district court. *Id.* Accordingly, because he failed to preserve his arguments before the district court, and as he fails to argue on appeal that extraordinary circumstances warrant our review, he has abandoned the arguments, and we affirm the district court's dismissal of his amended complaint.

> B.  *The District Court Did Not Abuse Its Discretion in Dismissing Mitchell's Amended Complaint Without Leave to Amend.*

On appeal, Mitchell makes another argument for the first time—that the district court should have granted him leave to amend his already amended complaint before dismissing with prejudice.

When appropriate, we will review the denial of leave to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta,* 654 F.3d 1231, 1239 (11th Cir. 2011). District courts have the discretion to choose between a range of

choices, and we will not disturb the court's decision so long as it falls within that range of choices and is not influenced by a mistake of law. *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006).

Federal Rule of Civil Procedure 15(a) states that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a" motion to dismiss under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). Thereafter, unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave," but "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While district courts should *sua sponte* provide a *pro se* plaintiff at least one chance to amend his complaint before the district court dismisses his action with prejudice, absent futility, *Woldeab v. Dekalb Cnty. Bd. of Educ.,* 885 F.3d 1289, 1292 (11th Cir. 2018), such rule does not apply where, as here, a litigant is counseled and counsel does not file a motion to amend or otherwise request leave to amend, *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*).

Here, Mitchell's argument fails for multiple reasons. First, because he never raised it below, he generally cannot do so for the first time on appeal. *Access Now,* 385 F.3d at 1331-32. Second, even considering his argument, the district court did not abuse its discretion in declining to *sua sponte* grant Mitchell, who was counseled, leave to file a second amended complaint. First, Mitchell had already amended his complaint, and the district court gave Mitchell an opportunity to make further amendments by January 25, 2022,

in its scheduling order.  Second, after being served with the City's motion to dismiss, Mitchell had the opportunity to obtain the City's consent or the court's leave to file another amended complaint. Fed. R. Civ. P. 15(a)(2).  However, he made no efforts to do so.  Finally, he made no indication to the court or otherwise that he wanted to further amend the complaint, and the district court had no obligation to *sua sponte* grant him another opportunity to amend. *Wagner,* 314 F.3d at 542.  Accordingly, the district court did not abuse its discretion in dismissing Mitchell's case without leave to amend.

## III.    CONCLUSION

For the reasons set forth herein, we **AFFIRM** the district court's dismissal of Mitchell's amended complaint.