**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11439

Non-Argument Calendar

_____

JOHN T. WILLIAMS,

*Plaintiff-Appellant,*

*versus*

BANK UNITED,

MCCALLA RAYMER LEIBERT PIERCE, LLC,

ACE HOMES, LLC,

CITY OF GWINNETT COUNTY,

    UNITED STATES OF AMERICA, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-05940-VMC

_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

John Williams, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a plausible claim for relief. We affirm the district court's dismissal.

## I. BACKGROUND

In December 2024, Williams filed a motion to proceed in forma pauperis in relation to a complaint he wished to file against Bank United; McCalla Raymer Leibert Pierce, LLC; Ace Homes, LLC; the "City of Gwinnett County"; and the United States (the "Defendants"). In his pro se complaint, Williams alleged that his two Georgia properties were subject to federal criminal forfeiture in the Southern District of New York. However, according to Williams, these properties were foreclosed upon in state court during his incarceration. He contended that the Defendants' actions in relation to these state foreclosure proceedings violated the Supremacy Clause and the Due Process Clause of the Fifth Amendment. Based on these allegations, Williams listed the following claims for relief: (1) "Declaratory Relief Under 28 U.S.C. § 2201;" (2) "Violation of the Fifth Amendment (Due Process);" and (3) "Injunctive Relief."

A magistrate judge allowed Williams to proceed without paying the filing fee, but, after conducting a frivolity review, recommended that the complaint be dismissed with prejudice for failure to state a claim, as any attempts to correct the complaint's

deficiencies would be futile. The district judge overruled Williams's objections and adopted the magistrate judge's recommendation.

The court found no error in the magistrate judge's determination that Williams's request for declaratory relief failed, as the Supremacy Clause does not provide a private cause of action. It also concluded that Williams's Fifth Amendment claim arose under 42 U.S.C. § 1983 and was governed by Georgia's two-year statute of limitations for personal injury claims. The court found that this period presumably ended several years prior because Williams's complaint indicated that the foreclosure proceedings occurred in August 2017. The court further determined that Williams was not entitled to equitable tolling because he had filed several federal lawsuits regarding the foreclosure during and after his incarceration, and he failed to identify any extraordinary circumstances justifying his delay in filing the instant action. Because no other basis for federal jurisdiction existed, the district court dismissed the case with prejudice and determined that the motions Williams had filed while the magistrate judge's recommendation was pending, which included requests for discovery, sanctions, injunctive relief, and vacatur of the forfeiture sale, were moot. Williams now appeals.

## II. STANDARD OF REVIEW

We review a district court's sua sponte dismissal of a complaint for failure to state a claim de novo, "viewing the allegations in the complaint as true." *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003).

### III. DISCUSSION

A district court shall dismiss an in forma pauperis complaint if it determines that the action fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal is appropriate where a complaint fails "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified); *see Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (explaining that Federal Rule of Civil Procedure 12(b)(6) standards govern § 1915(e)(2)(B)(ii) dismissals). Dismissal is also appropriate "where it is apparent from the face of the complaint that the claim is time-barred." *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021) (citation modified).

On appeal, Williams maintains that his claims rest upon the Supremacy Clause and that his due process rights were violated by the state foreclosure proceedings. Because the Supremacy Clause neither creates a private right of action nor provides a federal right, *see Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324–27 (2015), and Williams briefs no challenge to the district court's determination that his Fifth Amendment claim was time-barred, *see Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008), we find no error in the district court's determination that the complaint failed to state a claim where these were the only two alleged bases for relief.

Williams suggests that dismissal with prejudice was inappropriate because that measure should be reserved for when amendment is futile. However, the district judge made a futility

25-11439                Opinion of the Court                5

determination when adopting the magistrate judge's recommendation in full. We agree that Williams could not remedy the deficiencies in his complaint with an amended pleading, as any challenge to the constitutionality of the August 2017 foreclosure proceedings would be barred by the two-year statute of limitations, and Williams does not offer any alternative bases for federal jurisdiction or justify his delay in filing the instant action. *See Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (explaining that leave to amend need not be granted where "a more carefully drafted complaint would not state a claim" (citation modified)); *see also Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). Likewise, because there was no basis upon which to continue the case, the district court did not err in declining to rule on the merits of Williams's motions pending at the time of dismissal. *See Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) ("An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (citation modified)).

## IV. CONCLUSION

We **AFFIRM** the district court's dismissal of Williams's complaint with prejudice.