**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10477
Non-Argument Calendar
_____

IZIK ALIYA,

   individually and as guardian for A.A., a minor,

                                      *Plaintiff-Appellant,*

*versus*

STATE OF FLORIDA,
DISTRICT COURT OF APPEAL OF FLORIDA, FOURTH
DISTRICT,
BROWARD COUNTY UNIFIED FAMILY COURT,

   17th Judicial Circuit Court,

CHIEF JUDGE OF THE 17TH JUDICIAL CIRCUIT COURT,

   in his official capacity,

JUDGE STEPHANIE MOON,

   in her official capacity as Circuit Court Judge, et al.,

                                        *Defendants-Appellees.*

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-62147-DSL

———————————————

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Izik Aliya appeals the district court's dismissal without prejudice of his civil rights complaint as an impermissible shotgun pleading. He argues that the district court erred in concluding that the complaint was a shotgun pleading and that amendment would be futile because all of Aliya's claims were otherwise barred by sovereign immunity, judicial immunity, prosecutorial immunity, or an abstention doctrine. After review, we affirm.

## I.    Background

Izik, proceeding *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint against 26 defendants, including the State of Florida and several of its courts, Florida judges and judicial assistants, Florida prosecutors and the State Attorney's Office, the Broward County Sheriff's Office and a detective employed there, a personal injury law firm and its affiliated attorneys that represented the mother of his child in a child custody proceeding, a guardian ad litem, and a private psychiatrist. He alleged in a vague and conclusory manner that each of these entities and individuals violated his constitutional rights in various ways during child custody proceedings and other domestic relations proceedings. He did not set forth separate counts or causes of action in the complaint. Instead, he set forth

generalized conclusory allegations against the defendants. For example, he alleged that there was "systemic exploitation" in Florida's judicial system that "target[ed] vulnerable groups, such as pro se litigants, fathers, and individuals involved in domestic violence cases." And that the "judiciary's repeated misconduct, bias, and unconstitutional actions have denied [him] the opportunity to maintain a meaningful parental relationship with his daughter." As to the state judge defendants, he generally alleged without further detail that they were biased against him and had engaged in judicial misconduct and violated his constitutional rights via various judicial rulings. He asserted similar generalized allegations of misconduct and bias for the remaining defendants. As relief, he sought unspecified compensatory and punitive damages; "reversal of all orders" issued by the judge defendants; "[i]mmediate restoration of [his] custody and visitation rights with his child"; an investigation into the alleged judicial misconduct; comprehensive institutional reforms in several of Florida's courts "to address and rectify the systemic issues identified"; an injunction to prevent any further or future violations of his rights "and to mandate changes in state practices"; a declaratory judgment that his constitutional rights had been violated; legal fees; and a public apology.

The defendants filed motions to dismiss, asserting that the complaint (1) was barred by sovereign immunity, judicial immunity, and prosecutorial immunity, (2) constituted an impermissible shotgun pleading, (3) stated a claim against some private actor defendants not subject to suit under § 1983; and

(4) otherwise failed to state a claim upon which relief could be granted.

The district court granted the motions to dismiss in a lengthy order, concluding that the complaint was an impermissible shotgun pleading and that allowing amendment would be futile because (1) sovereign immunity barred the claims against the State of Florida, its courts, and the State Attorney's Office; (2) judicial immunity barred the claims against the Florida state judges and their judicial assistants; (3) prosecutorial immunity barred the claims against the Assistant State Attorney; (4) several of the defendants were not state actors for purposes of § 1983; and (5) the *Rooker-Feldman*[1] doctrine, the *Younger*[2] abstention doctrine, and the "domestic relations exception" all weighed in favor of abstaining from exercising jurisdiction in this case. Accordingly, the district court dismissed the complaint without prejudice. This appeal followed.

## II.    Discussion

Aliya argues that the district court erred in dismissing his complaint as an impermissible shotgun pleading and in concluding that amendment would be futile. He argues that the district court misapplied the immunity and abstention doctrines.

---

[1] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted). Nevertheless, although courts are to liberally construe *pro se* pleadings, the court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotations omitted)).

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted). We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Id.* at 1294.

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8 requires that the complaint set forth "a short and plain statement of the claim" demonstrating an entitlement to relief, and Rule 10 requires that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Rule 10 further provides that each claim be stated in separate counts "[i]f doing so would promote clarity." *Id.* R. 10(b). As we have previously explained, there are approximately four types of

shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1321 (11th Cir. 2015).

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

We have repeatedly condemned the use of shotgun pleadings. *See Barmapov*, 986 F.3d at 1324; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Generally, when a party files a shotgun pleading, "the district court should strike the pleading and instruct [the party] to replead the case . . . ." *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (alteration adopted)

(quotations omitted); *see also Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice). However, a district court need not grant leave to amend if amendment would be futile because a more carefully crafted complaint would still not be able to state a claim. *See Woldeab*, 885 F.3d at 1291.

Here, the district court did not abuse its discretion in dismissing the complaint without prejudice as a shotgun pleading. Aliya's 47-page complaint was a shotgun pleading because it failed to separate out the causes of action and asserted multiple claims against 26 defendants without connecting any causes of action with any particular defendant in violation of the rules of civil procedure. *See* Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 10(b). Further, the complaint set forth unnumbered paragraphs that contained only conclusory and vague factual allegations and legal conclusions not obviously connected to a particular count. *Weiland*, 792 F.3d at 1321–23 (explaining that one type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). Therefore, the district court properly concluded that the complaint was an impermissible shotgun pleading. *See Vibe Micro*, 878 F.3d at 1296.

Nevertheless, Aliya argues that the district court erred in concluding that amendment would be futile and in dismissing the

complaint without first giving him an opportunity to amend.[3] After careful review, we agree that amendment would have been futile for the reasons set forth in the district court's lengthy and well-reasoned order. *See Woldeab*, 885 F.3d at 1291 (explaining that "a district court need not grant leave to amend when . . . a more carefully drafted complaint could not state a claim"). Consequently, we affirm.

 **AFFIRMED.**

---

[3] We note that, although the district court did not give Aliya an opportunity to amend prior to dismissal, the dismissal was without prejudice, which means that Aliya is free to refile a complaint.